# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANIA BAKER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-11-2545 |
| T-MOBILE 1051 | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on September 6, 2011, together with a motion to proceed in forma pauperis. ECF No. 2. Because she appears indigent plaintiff's motion will be granted.

The complaint seeks in part to re-open a previously filed civil rights action concerning the same allegations. *See Baker v. T-Mobile Customer Service*, Civil Action WMN-11- 2367 (D. Md.). Plaintiff claims in both cases that T-Mobile has infringed upon her First Amendment freedom of speech by suspending the services to her cell phone. ECF No. 1. She adds in the instant case that a sales associate deliberately blocked her unlimited messaging service without her authorization. The previously filed complaint was dismissed on September 8, 2011, for failure to state a claim upon which relief may be granted. The court noted that plaintiff's claim that her constitutional rights were infringed cannot be maintained against T-Mobile which is not a state actor. *See Baker* Civ. Action WMN-11-2367 at ECF No. 3 and 4. The instant complaint is no different in substance and must be dismissed.

To the extent plaintiff is requesting to have the previously dismissed case re-opened, she has not presented anything which would warrant re-opening that case. *See* Fed. R. Civ. Proc. 60(b).[1] The request will be denied and the complaint dismissed by separate order which follows.

Date:  September 9, 2011                                     /s/
James K. Bredar
United States District Judge

---

[1] Rule 60(b), provides that a party may be relieved from a final judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.